UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ABN WHOLESALE LLC,

                      Plaintiff,

      -against-

YEHUDA HAZAN a/k/a YEHUDA HAZANE and
BULL TRADING VIEW, LLC,

                    Defendants.
--------------------------------------------------------------------x

REPORT AND RECOMMENDATION

No. 23-CV-2434 (RPK) (JRC)

JAMES R. CHO, United States Magistrate Judge:

Plaintiff ABN Wholesale LLC ("plaintiff" or "ABN") brings this diversity action for breach of contract and unjust enrichment against defendants Yehuda Hazan a/k/a Yehuda Hazane ("Hazan") and Bull Trading View, LLC ("Bull Trading") for failing to make payments due and owing under two promissory notes. *See* Am. Compl., Dkt. 5. Currently before this Court, on referral from the Honorable Rachel P. Kovner, is plaintiff's motion for default judgment against defendant Hazan.[1] *See* Motion for Default Judgment, Dkt. 26. For the reasons set forth below, this Court respectfully recommends granting plaintiff's motion and awarding plaintiff $157,000.

I.    **Factual Background**

Plaintiff is a limited liability company organized under New Jersey law, whose sole member is Lev Bin-Nun ("Bin-Nun"), a resident of New Jersey. *See* Am. Compl. ¶ 1; Response to Order to Show Cause, Dkt. 8. Defendant Hazan resides in New York. *See* Am. Compl. ¶ 2.

On or about October 31, 2022, plaintiff loaned $100,000, interest-free, to defendant Bull

---

[1] It does not appear from the record that plaintiff served defendant Bull Trading nor was a Certificate of Default entered as to that defendant. Plaintiff's motion seeks judgment only against the individual defendant Hazan. Thus, since plaintiff has not pursued the claims against defendant Bull Trading, the Court recommends dismissing the claims against the corporate defendant. *See Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, No. 19-CV-4414, 2022 WL 17774929, at *13 n.10 (E.D.N.Y. June 24, 2022); *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895, 2019 WL 8381264, at *1 n.1 (E.D.N.Y. Dec. 9, 2019).

Trading, pursuant to a promissory note. *See id.* ¶ 7; Promissory Note dated October 31, 2022 ("First Promissory Note") ¶ 1, Dkt. 5-1. The loan was due to be repaid in full by December 19, 2022.[2] *See* Am. Compl. ¶ 8; First Promissory Note ¶ 2. Defendant Hazan personally guaranteed the loan and signed the First Promissory Note both on behalf of Bull Trading, and as guarantor. *See* First Promissory Note ¶ 15. No repayment of the loan has been made despite demands. *See* Am. Compl. ¶ 9; Declaration of Lev Bin-Nun ("Bin-Nun Decl.") ¶ 6, Dkt. 27-4.

On or about December 7, 2022, plaintiff loaned an additional $57,000, interest-free, directly to Hazan, pursuant to a second promissory note.[3] *See* Bin-Nun Decl. ¶ 7; Promissory Note dated December 7, 2022 ("Second Promissory Note") ¶ 1, Dkt. 5-2. Although the Second Promissory Note provides for a $70,000 loan, only $57,000 was actually loaned. *See* Bin-Nun Decl. ¶ 8. The loan was due to be repaid in full by January 5, 2023.[4] *See* Am. Compl. ¶ 15; Second Promissory Note ¶ 2. Defendant Hazan has not made any payments on the second loan despite plaintiff's demands. *See* Am. Compl. ¶ 16; Bin-Nun Decl. ¶ 9.

## II.    Procedural Background

On March 29, 2023, plaintiff commenced this action, and on April 25, 2023, filed an Amended Complaint. On April 26, 2023, Judge Kovner issued an order for plaintiff to show cause that diversity jurisdiction exists in this action. *See* Order to Show Cause dated April 26, 2023. After plaintiff filed a response setting forth the citizenships of the parties, Judge Kovner discharged the order to show cause, finding that plaintiff "sufficiently alleges the parties' citizenships and

---

[2] The First Promissory Note provides that "profits made [] should be 20% of the total loan amount." *See* First Promissory Note ¶ 3. By the instant motion, plaintiff has not sought recovery of projected profits. *See* Affirmation of Michael Samuel ("Samuel Aff.") ¶ 9, Dkt. 27.

[3] Although Lev Bin-Nun, the owner and principal of plaintiff, states in his declaration that only $57,000 was actually loaned to defendant Hazan pursuant to the Second Promissory Note, the Amended Complaint alleges that "only $54,857.71 was actually loaned." *Compare* Bin-Nun Decl. ¶¶ 7, 8, *with* Am. Compl. ¶ 14.

[4] The Second Promissory Note contains a projection of a 25 percent per annum return on the principal amount of the loan. *See* Second Promissory Note ¶ 1. Again, plaintiff has not sought recovery of the projected return. *See* Samuel Aff. ¶ 9.

2

complete diversity." *See* Order dated April 28, 2023.

After service on Hazan was purportedly effected, Hazan failed to appear or otherwise defend the action, leading plaintiff to seek entry of default on June 23, 2023, *see* Request for Certificate of Default, Dkt. 11, which was granted on June 28, 2023, *see* Entry of Default, Dkt. 13. On July 3, 2023, plaintiff filed its first motion for default judgment, *see* Motion for Default Judgment, Dkt. 14, which Judge Kovner referred to this Court for a report and recommendation, *see* Order dated July 5, 2023.

On August 9, 2023, this Court held a hearing at which it identified certain deficiencies in plaintiff's motion papers. Specifically, the Court noted that plaintiff's application lacked the required "necessary facts" to demonstrate that defendant Hazan is not in military service, as required by the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(A). *See* Minute Entry dated August 9, 2023 (citing *Tenemaza v. Eagle Masonry Corp.*, No. 20-CV-452, 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021)). In addition, the Court explained that plaintiff had not demonstrated that leaving process with a "John Doe" co-tenant, who resides in the same building as Hazan, was proper service on Hazan. *See id.* (citing *Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21-CV-6909, 2022 WL 18151927, at *5 (E.D.N.Y. Dec. 14, 2022)). In response, plaintiff advised that it would withdraw the motion for default judgment, without prejudice, to cure the deficiencies identified by the Court. *See id.*; Motion to Withdraw Motion for Default [Judgment], Dkt. 19. The Court further granted plaintiff's request for an extension of time to complete service of process, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* Minute Entry dated August 9, 2023.

On October 13, 2023, plaintiff renewed its request for a certificate of default, *see* Request for a Certificate of Default, Dkt. 21, which was granted on October 23, 2023, *see* Certificate of Default, Dkt. 23. By Order dated October 26, 2023, however, this Court vacated the Certificate of

Default, noting that plaintiff's second attempt at service was ineffective because plaintiff's process server failed to indicate that he completed service on defendant Hazan by mailing process, as required by New York's Civil Practice Law and Rules section 308(4). *See* Order dated October 26, 2023. The Court also found that plaintiff failed to establish that the defaulting defendant was not in military service. *See id.* After plaintiff supplemented its application by submitting proof of mailing and a "non-military" affidavit, this Court directed the Clerk of Court to enter default against defendant Hazan. *See* Order dated November 1, 2023; Clerk's Entry of Default, Dkt. 25.

On November 8, 2023, the instant motion for default judgment followed, *see* Dkt. 26, which Judge Kovner referred to this Court, *see* Order Referring Motion dated November 9, 2023. After reviewing the renewed motion, this Court directed plaintiff to submit a memorandum of law, as required by Local Civil Rule 7.1(a)(2). *See* Order dated December 4, 2023.

### III. Discussion

#### A. Liability

##### 1. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment. The Rule sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(a), (b)(2).

4

Here, after defendant failed to respond to the Amended Complaint, and plaintiff demonstrated that service was proper and that plaintiff complied with the Servicemembers Civil Relief Act, this Court directed the Clerk of the Court to enter a default against defendant Hazan. To date, defendant Hazan has not appeared or moved to vacate the entry of default.

When evaluating a plaintiff's application for a default judgment, "a court is required to accept all [] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotations and citations omitted); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.") (internal quotations and citations omitted).

"Default judgments are 'generally disfavored and are reserved for rare occasions.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *Enron Oil*, 10 F.3d at 96). Providing guidance as to when a default judgment is appropriate, the Second Circuit has cautioned that since a default judgment is an extreme remedy, it should only be entered as a last resort. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "afford[] litigants a reasonable chance to be heard." *Enron Oil*, 10 F.3d at 95-96. Thus, in light of the "oft-stated preference for resolving disputes on the merits," doubts should be resolved in favor of the defaulting party. *See id*. at 95. Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because a

5

defendant is in default. *See Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").

A default serves as the defendant's admission that the complaint's well-pleaded factual allegations are true. *See Mickalis Pawn Shop*, 645 F.3d at 137; *Finkel*, 577 F.3d at 84 (after default the "court is required to accept all of the [plaintiff's] [well-pleaded] allegations as true and draw all reasonable inferences in its favor."). A fact is not considered "well-pleaded," however, "if it is inconsistent with [the] other allegations of the complaint or with facts of which the court can take judicial notice, or is contrary to uncontroverted material in the file of the case." *Hop Hing Produces Inc. v. Lin Zhang Trading Co., Inc.*, No. 11-CV-03259, 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013) (internal quotations and citations omitted). Ultimately, whether to grant a motion for default judgment is "left to the [court's] sound discretion." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017).

Here, Hazan did not respond to the Amended Complaint despite proper service. Plaintiff also filed affidavits confirming service of the motion for default judgment, this Court's order scheduling a hearing on the motion, and the minute entry for the conference. *See* Dkts. 29, 31, 33, 34. Hazan has nonetheless failed to respond to plaintiff's motion for default judgment or otherwise appear in this action. Accordingly, this Court recommends finding that Hazan's failure to answer or otherwise respond to the Amended Complaint constitutes an admission of the factual allegations therein, and now proceeds to consider whether those facts establish Hazan's liability.

    **2.**    **Breach of Contract**

"A promissory note is a contract and is thus construed according to general rules of contract interpretation." *LG Cap. Funding, LLC v. Ubiquity, Inc.*, No. 16-CV-3102, 2017 WL 3173016, at

*2 (E.D.N.Y. May 12, 2017), *report and recommendation adopted*, 2017 WL 3168961 (E.D.N.Y. July 25, 2017).  Here, the First Promissory Note provides that New York law governs the agreement, while the Second Promissory Note provides that New Jersey law controls.  *See* First Promissory Note ¶ 17; Second Promissory Note ¶ 12.  "In a contract dispute, New York courts will generally honor a choice-of-law provision in an agreement" between the parties.  *Scharnikow v. Siracuse*, No. 15-CV-6991, 2016 WL 7480360, at *3 (E.D.N.Y. Dec. 6, 2016), *report and recommendation adopted*, 2016 WL 7480364 (E.D.N.Y. Dec. 29, 2016); *see Terwilliger v. Terwilliger*, 206 F.3d 240, 245 (2d Cir. 2000).  However, since there is no conflict in the laws of New York and New Jersey with respect to breach of contract claims, the Court applies the law of the forum state, New York, with respect to both promissory notes.  *See VistaJet Ltd. v. Paragon Jets LLC*, No. 20-CV-5902, 2022 WL 431431, at *5 (E.D.N.Y. Jan. 10, 2022) (applying New York contract law because "there is no conflict between New York and New Jersey law"), *report and recommendation adopted*, 2022 WL 426183 (E.D.N.Y. Feb. 11, 2022).

"To state a claim for breach of contract under New York law, 'the complaint must allege: [1] the formation of a contract between the parties; [2] performance by the plaintiff; [3] failure of defendant to perform; and [4] damages.'"  *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)).  "To establish a prima facie case for the recovery of a breach of contract to pay a promissory note, the plaintiff simply must show proof of the note and the defendant's failure to pay by its maturity date."  *Khotovitskaya v. Shimunov*, No. 18-CV-7303, 2024 WL 1159557, at *4 (E.D.N.Y. Mar. 18, 2024) (citation omitted); *see Export-Import Bank of U.S. v. Agricola Del Mar BCS*, 536 F. Supp. 2d 345, 349 (S.D.N.Y. 2008) (citation omitted), *aff'd*, 334 F. App'x 353 (2d Cir. 2009).  The elements of a prima facie case for breach of guaranty are similar:  "[I]n an action against a guarantor, a plaintiff must show:  (1) the existence of the guaranty; (2) the underlying debt; and (3) the guarantor's

7

failure to perform under the guaranty." *Khotovitskaya*, 2024 WL 1159557, at *4 (quoting *UMB Bank, N.A. v. Bluestone Coke, LLC*, No. 20-CV-2043, 2020 WL 6712307, at *4 (S.D.N.Y. Nov. 16, 2020)).

Here, the well pled allegations in the Amended Complaint, accepted as true, establish Hazan's liability for breach of contract as the guarantor on the First Promissory Note and the payee on the Second Promissory Note. First, plaintiff established that the parties entered into enforceable agreements on October 31, 2022 and December 7, 2022, respectively. Second, plaintiff performed its obligations under the agreements by lending money, but Hazan failed to repay the loans when they reached maturity and became due and payable. Further, plaintiff alleges that because of Hazan's breaches, plaintiff suffered losses reflected in the principal amount due on the agreements.

The Court therefore concludes that plaintiff has properly alleged a breach of contract claim based on Hazan's failure to repay the principal due on the First and Second Promissory Notes.

### 3. Unjust Enrichment

Plaintiff also brings a claim for unjust enrichment. "[T]o succeed on a claim for unjust enrichment under New York law, a plaintiff must prove that '(1) defendant was enriched[;] (2) at plaintiff's expense[;] and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover[.]" *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2011) (quoting *Brairpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)). However, if the "matter is controlled by contract" and the same relief is sought for unjust enrichment as for breach of contract, the unjust enrichment claim is properly dismissed as duplicative. *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 471 (S.D.N.Y. 2014) (citation omitted). "[C]laims are duplicative of one another if they arise from the same facts and do not allege distinct damages." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008) (citations omitted).

8

Here, plaintiff's unjust enrichment claim is duplicative of its claim for breach of contract: it arises from the same facts and seeks the same relief. *Compare* Am. Compl. ¶¶ 26-28 *with id*. ¶¶ 31-33. This Court therefore respectfully recommends dismissing plaintiff's claim for unjust enrichment. *See Ubiquity*, 2017 WL 3173016, at *3; *Scharnikow*, 2016 WL 7480360, at *4; *Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-CV-501, 2016 WL 1255726, at *3-*4 (E.D.N.Y. Mar. 28, 2016).

**B.     Damages**

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). "Because the extent of the damages pleaded by a plaintiff is not deemed to be established by the default, the Court must conduct 'an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Trustees of Loc. 7 Tile Indus. Welfare Fund v. All Flooring Sols., LLC*, No. 19-CV-126, 2020 WL 9814088, at *3 (E.D.N.Y. Feb. 12, 2020) (quoting *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

Having found that the Amended Complaint establishes Hazan's liability for breach of contract, the Court now addresses the damages plaintiff is entitled to recover for that claim. Under New York law, it is well settled that "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007) (citation omitted). In this case, the Notes provide for repayment of principal in the amount of $100,000 for

9

the First Promissory Note and $70,000 for the Second Promissory Note. *See* First Promissory Note ¶ 1; Second Promissory Note ¶ 2. Since Bin-Nun avers that only $57,000 was disbursed pursuant to the Second Promissory Note, recovery is limited to that amount.[5] *See* Bin-Nun Decl. ¶ 8. It is undisputed that Hazan failed to pay each Promissory Note by its maturity date, and that Hazan was in default on the Notes. Accordingly, the Court respectfully recommends awarding plaintiff **$157,000** in unpaid principal for breach of contract.

In its memorandum of law, plaintiff, for the first time, seeks an award of prejudgment interest. *See* Pl. Mem. at 3, Dkt. 30. However, other than a stray reference, the Amended Complaint does not contain a request for prejudgment interest, nor does plaintiff's proposed judgment provide for such an award (Dkt. 28). Rule 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54. Thus, Rule 54(c) prevents plaintiff from seeking recovery "different in kind" from that sought in the Amended Complaint. As the Second Circuit observed: "It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award." *Silge v. Merz*, 510 F.3d 157, 159 (2d Cir. 2007) (citation omitted). Here, awarding prejudgment interest would be a different form of relief than the unpaid principal amount demanded in the Amended Complaint. Therefore, this Court recommends denying plaintiff's request for an award of prejudgment interest. *See Marky's Martial Arts, Inc. v. FC Online Mktg., Inc.*, No. 19-CV-03363, 2022 WL 18276016, at *11 & n.8 (S.D.N.Y. Sept. 16, 2022)

---

[5] In the Amended Complaint, plaintiff alleges Hazan received $54,857.71 in connection with the Second Promissory Note. *See* Am. Compl. ¶ 14. In the absence of opposition, the Court credits Bin-Nun's sworn declaration over the allegations in the Amended Complaint. Although generally, on a motion for default judgment, the judgment cannot exceed the amount alleged in the pleading, *see* Fed. R. Civ. P. 54(c), the recommended judgment here does not exceed the total amount of $202,000 sought in the ad damnum clause. *See* Am. Compl. ¶ 28 and *id.* at ECF page 7 ("Wherefore" provision).

(recommending denial of prejudgment interest where a demand was not included in the complaint), *report and recommendation adopted*, 2023 WL 171401 (S.D.N.Y. Jan. 12, 2023); *Cont'l Indus. Grp., Inc. v. Altunkilic*, No. 14-CV-790, 2020 WL 3884312, at *9 n.13 (S.D.N.Y. July 1, 2020); *Am. Jewish Comm. v. Berman*, No. 15-CV-5983, 2016 WL 3365313, at *9 (S.D.N.Y. June 15, 2016), *report and recommendation adopted*, 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016); *see also Silge*, 510 F.3d at 159-62 (affirming magistrate judge's recommendation that portion of prejudgment interest be denied "because the complaint did not include any demand for interest past March 31, 2005").

## Conclusion

For the foregoing reasons, the Court respectfully recommends granting plaintiff's motion for default judgment against defendant Yehuda Hazan and awarding plaintiff **$157,000** on its breach of contract claim. The Court further recommends dismissing plaintiff's claim for unjust enrichment and its claims against Bull Trading View, LLC.

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail on defendants and to file proof of service on ECF by June 26, 2024. Any objections to the recommendations made in this Report must be filed with the Honorable Rachel P. Kovner within 14 days after the filing of this Report and Recommendation and, in any event, on or before July 8, 2024. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated:  Brooklyn, New York
June 21, 2024

                                                      s/ James R. Cho
                                                      James R. Cho
                                                      United States Magistrate Judge