UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ABN WHOLESALE LLC,

                    Plaintiff,

    -against-

YEHUDA HAZAN a/k/a YEHUDA HAZANE,

                    Defendant.

-------------------------------------------------------------------- x

MEMORANDUM AND ORDER

No. 23-CV-2434 (RPK) (JRC)

JAMES R. CHO, United States Magistrate Judge:

On August 7, 2024, the District Court entered a default judgment in favor of plaintiff ABN Wholesale LLC against defendant Yehuda Hazan a/k/a Yehuda Hazane ("defendant" or "Hazan") based on Hazan's failure to make payments due and owing under two promissory notes. *See* Judgment, Dkt. 37. Currently before the Court are plaintiff's motion to compel defendant to respond to an information subpoena and subpoena *duces tecum*[1] served in connection with plaintiff's attempts to collect on the Judgment, and plaintiff's motion seeking an order holding defendant in contempt. *See* Mot. to Compel, Dkt. 38; Contempt Mot., Dkt. 41.

For the reasons discussed below, the Court grants in part and denies in part plaintiff's motion to compel. The Court further denies plaintiff's motion to hold defendant in contempt.

## BACKGROUND

On August 21, 2024, plaintiff served defendant by "first class mail, certified mail, return receipt requested," with an information subpoena and a subpoena *duces tecum*. *See* Affirmation in Support of Mot. to Compel ("Samuel Aff.") ¶ 3, Dkt. 38-1; Information Subpoena, Dkt. 38-3; Subpoena *Duces Tecum*, Dkt. 38-4. Hazan failed to respond to the subpoenas. *See* Samuel Aff. ¶ 4. On September 4, 2024, plaintiff filed a motion to compel. *See* Mot. to Compel, Dkt. 38. By

---

[1] The subpoena *duces tecum* also requested that Hazan appear for a video deposition. *See* Subpoena *Duces Tecum*, Dkt. 38-4.

Order dated September 9, 2024, the Court directed Hazan to respond to the motion to compel by September 24, 2024. Hazan failed to respond to the motion to compel. On October 21, 2024, plaintiff filed a motion to hold defendant in contempt for failing to respond to the subpoenas. Dkt. 41.

## DISCUSSION

Under Rule 69 of the Federal Rules of Civil Procedure, a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located. Fed. R. Civ. P. 69(a)(1); *see EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014); *Alkali Sci. LLC v. Ax Cap., Inc.*, No. 22-CV-6469, 2024 WL 3742717, at *1 (E.D.N.Y. Aug. 9, 2024); *Soundkillers LLC v. Young Money Ent. LLC*, No. 14-CV-7980, 2016 WL 4990257, at *3 (S.D.N.Y. Aug. 2, 2016), *report and recommendation adopted*, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016). To obtain discovery relevant to the satisfaction of a judgment, the judgment creditor may rely on federal or state discovery procedures. *See* Fed. R. Civ. P. 69(a)(2); *Argonaut Ins. Co. v. Manetta Enters., Inc.*, No. 19-CV-482, 2021 WL 3603395, at *2 (E.D.N.Y. Aug. 13, 2021); *Soundkillers*, 2016 WL 4990257, at *3. Here, plaintiff relies on state procedures, styling its information subpoena and subpoena for documents as issued pursuant to New York law. *See* Pl. Mem. at 3, Dkt. 38-2.

Pursuant to New York law, a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena[.]" N.Y. C.P.L.R. § 5223; *see Alkali*, 2024 WL 3742717, at *1; *Soundkillers*, 2016 WL 4990257, at *3. "New York law allows a judgment creditor to serve three different types of subpoenas—deposition subpoenas, subpoenas *duces tecum*, and information subpoenas—on judgment debtors[.]" *Argonaut*, 2021 WL 3603395, at *3 n.2 (citation omitted).

Information Subpoena

Service of an information subpoena may be made by registered or certified mail, return receipt requested, or in the same manner as a summons. *See* N.Y. C.P.L.R. §§ 5224(a)(3), 2303. If the recipient of an information subpoena fails to respond within seven days, a court may order compliance. *See* N.Y. C.P.L.R. § 2308(b)(1) ("If the court finds that the subpoena was authorized, it shall order compliance . . . ."); *Alkali*, 2024 WL 3742717, at *1; *Soundkillers*, 2016 WL 4990257, at *3; *see also* N.Y. C.P.L.R. § 5224(a)(3)(iv).

As a judgment creditor, plaintiff is entitled to seek information relevant to collecting on its Judgment against defendant. In its information subpoena served on defendant, plaintiff demands information regarding, among other things, defendant's income, bank accounts, real estate and other assets. *See* Information Subpoena. Therefore, the information sought by plaintiff is relevant to collecting the Judgment entered against defendant, and is thus discoverable pursuant to Rule 69 of the Federal Rules of Civil Procedure. *See Jones v. Milk River Café, LLC*, No. 17-CV-3120, 2022 WL 3300027, at *4 (E.D.N.Y. Aug. 11, 2022); *Plaza Motors of Brooklyn, Inc. v. Rivera*, No. 19-CV-6336, 2021 WL 4356011, at *3 (E.D.N.Y. Sept. 24, 2021). Plaintiff sent the information subpoena via certified mail, return receipt requested. *See* Samuel Aff. ¶ 3. Thus, plaintiff has satisfied the requirements of section 5224(a)(3). The Court grants plaintiff's motion to compel responses to the information subpoena because Hazan failed to respond to the subpoena within seven days. Hazan is ordered to respond to the information subpoena by **December 16, 2024**.

Subpoena *Duces Tecum*

In addition to an information subpoena, New York law allows a judgment creditor to serve deposition subpoenas and subpoenas *duces tecum* on judgment debtors. *See Argonaut*, 2021 WL 3603395, at *3 n.2. However, the testimonial subpoena and the subpoena *duces tecum* authorized by section 5224(a) are both subject to the ordinary rules governing subpoena service, *i.e.*, "in the

3

same manner as a summons." *See* N.Y. C.P.L.R. § 2303.  As a result, section 308 governs service in the case of Hazan, an individual.  *See* N.Y. C.P.L.R. § 308 (personal service upon a natural person).  Here, plaintiff failed to effect service of the subpoena *duces tecum* by personal delivery on defendant pursuant to section 308.  Plaintiff instead improperly attempted to serve the subpoena on defendant solely by mail (regular and certified).[2]  *See Watson v. New York*, No. 22-CV-9613, 2023 WL 6200979, at *5-*6 (S.D.N.Y. Sept. 22, 2023).[3]  Based on improper service, the Court denies without prejudice plaintiff's motion to compel responses to the subpoena *duces tecum*.

Motion for Contempt

After defendant failed to respond to the motion to compel as directed by the Court, *see* Order dated September 9, 2024, plaintiff filed a motion to hold defendant in contempt.  Dkt. 41.  Plaintiff, however, misconstrues the Court's September 9, 2024 Order as an order enforcing the subpoenas.  The September 2024 Order did not enforce the subpoenas; it merely directed defendant to respond to plaintiff's motion to compel.

"[C]ivil contempt is not ordinarily imposed for a party's disregard of a subpoena; civil contempt is most frequently imposed only when a party disregards an order directing compliance with a subpoena." *Plaza Motors*, 2021 WL 4356011, at *3 (citing cases); *see Murphy v. Snyder*, No. 10-CV-1513, 2019 WL 4396574, at *6 (E.D.N.Y. Aug. 6, 2019) (recommending converting motion for contempt into motion to compel), *report and recommendation adopted*, 2019 WL 4415430 (E.D.N.Y. Aug. 23, 2019); Fed. R. Civ. P. 45(g) Advisory Committee's Note to 2013

---

[2] "[T]hose courts that have sanctioned alternative means of service have done so only after the plaintiff had diligently attempted to effectuate personal service." *Simmons v. Fervent Elec. Corp.*, No. 14-CV-1804, 2016 WL 3661274, at *1 (E.D.N.Y. July 5, 2016) (denying motion to compel subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure).

[3] Although New York law does provide for service by mail, plaintiff has not demonstrated that it has complied with the requirements of section 312–a of the C.P.L.R.  *See id.* § 312–a(a) ("by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a statement of service by mail and acknowledgment of receipt in the form set forth in subdivision (d) of this section with a return envelope, postage prepaid, addressed to the sender").

4

Amendment ("In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena[.]"). The Court denies as premature the motion to hold Hazan in contempt for his failure to comply with the information subpoena. At the time plaintiff filed its motion, the Court had not entered any order enforcing the information subpoena.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part plaintiff's motion to compel. Dkt. 38. Yehuda Hazan a/k/a Yehuda Hazane is directed to respond to plaintiff's information subpoena by **December 16, 2024**. If Hazan fails to respond, a finding of contempt could result in the imposition of a monetary fine. The Court further denies the motion to hold defendant in contempt, Dkt. 41, without prejudice and with leave to renew.

Counsel for plaintiff shall serve a copy of this Order on Hazan by **November 19, 2024**, and file proof of service on ECF.

**SO ORDERED**

Dated: Brooklyn, New York
November 14, 2024

s/ James R. Cho
James R. Cho
United States Magistrate Judge