UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ABN WHOLESALE LLC,

                Plaintiff,

     -against-

YEHUDA HAZAN a/k/a Yehuda Hazane,

                Defendant.
------------------------------------------------------------------- x

REPORT AND RECOMMENDATION

No. 23-CV-2434-RPK-JRC

JAMES R. CHO, United States Magistrate Judge:

On August 7, 2024, the District Court entered a default judgment against defendant Yehuda Hazan a/k/a Yehuda Hazane ("Hazan") in the amount of $157,000, on claims alleging breach of contract brought by plaintiff ABN Wholesale LLC. *See* Default Judgment (Dkt. #37); *see also* Am. Compl. (Dkt. #5).

Currently before the Court, on a referral from the Honorable Rachel P. Kovner, is plaintiff's motion for contempt against Hazan, who has been the subject of an information subpoena served in connection with plaintiff's attempts to collect on the default judgment, and who was ordered by this Court to comply with the subpoena. *See* Mot. for Sanctions (Dkt. #47). For the reasons discussed below, the Court certifies that defendant Yehuda Hazan violated a judicial order by failing to respond to the information subpoena served on him; the Court, therefore, recommends that Hazan be directed to appear before the District Court and show cause why he should not be held in civil contempt.

**Discussion**

I. **Magistrate Judge's Contempt Authority**

Under the Federal Magistrates Act of 1968, 28 U.S.C. § 636(e), federal magistrate judges may exercise civil contempt authority in certain limited circumstances. In cases where a person commits an act constituting civil contempt before the magistrate judge, the certification procedure is set forth by the Act:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii); *see Valencia v. 3108 N. Blvd. LLC*, No. 20-CV-5293, 2024 WL 412993, at *1 (E.D.N.Y. Feb. 5, 2024), *report and recommendation adopted*, 2024 WL 1327314 (E.D.N.Y. Mar. 28, 2024). The magistrate judge's role in certifying the facts under Section 636(e) is to "determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20-CV-1214, 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021), *report and recommendation adopted*, 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021); *see Sweigert v. Goodman*, No. 18-CV-8653, 2021 WL 4295262, at *1 n.1 (S.D.N.Y. Sept. 21, 2021). "Where the magistrate judge has certified facts constituting contempt, the district court must make an independent determination of the facts certified and consider any additional evidence." *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345, 2025 WL 2256655, at *1 (S.D.N.Y. Aug. 6, 2025); *see Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) ("The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a *de novo* hearing at which issues

2

of fact and credibility determinations are to be made.") (citations omitted). "[T]he district judge decides 'whether the conduct constitutes contempt and, if so, what sanctions are appropriate.'" *Kate Spade LLC v. Vinci Brands LLC*, No. 23-CV-5409, 2025 WL 2211679, at *1 (S.D.N.Y. May 1, 2025) (quoting *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, No. 03-CV-5562, 2006 WL 1148110, at *1 (S.D.N.Y. Apr. 28, 2006)).

## II. Certified Facts

The Court hereby certifies the following facts.

1. On March 29, 2023, plaintiff commenced this action seeking damages against Yehuda Hazan, in connection with claims for breach of contract and unjust enrichment. *See generally* Compl. (Dkt. #1); Am. Comp. (Dkt. #5).

2. On June 21, 2024, this Court issued a Report and Recommendation that default judgment be entered against Hazan, in the amount of $157,000. *See* Report and Recommendation (Dkt. #35).

3. On August 6, 2024, the Honorable Rachel P. Kovner adopted this Court's Report and Recommendation, granted plaintiff's motion for default judgment against defendant Hazan, and ordered Hazan to pay $157,000 in damages. *See* Order Adopting Report and Recommendations dated 8/6/2024; *see also* Default Judgment (Dkt. #37).

4. On August 21, 2024, plaintiff served defendant by "first class mail, certified mail, return receipt requested," with an information subpoena and a subpoena *duces tecum*. *See* Affirmation in Support of Mot. for Contempt ("Samuel Aff.") ¶ 4 (Dkt. #47-1); Information Subpoena (Dkt. #38-3); Subpoena Duces Tecum (Dkt. #38-4).

5. Hazan failed to respond to those subpoenas. *See* Samuel Aff. ¶ 7.

6. On September 4, 2024, plaintiff filed a motion to compel responses to the

subpoenas.  *See* Mot. to Compel (Dkt. #38).

7.      By Order dated September 9, 2024, this Court directed Hazan to respond to the motion to compel by September 24, 2024 and ordered plaintiff to serve a copy of the Court's order on Hazan.  *See* Order dated 9/9/24.  Plaintiff mailed Hazan a copy of the Court's order. *See* Certificate of Service (Dkt. #40).

8.      Hazan failed to respond to the motion to compel.

9.      On October 21, 2024, plaintiff filed a motion to hold defendant in contempt for failing to respond to the subpoenas.  Mot. to Compel (Dkt. #41).

10.     On November 14, 2024, this Court denied as premature the motion to hold Hazan in contempt for his failure to comply with the subpoenas.  *See* Mem. and Order (Dkt. #42). Instead, the Court treated plaintiff's motion as a motion to compel and ordered Hazan to respond to the information subpoena in the first instance.  Based on improper service of the subpoena *duces tecum*, the Court denied without prejudice plaintiff's motion to compel responses to that subpoena.  The Court directed plaintiff to serve a copy of its Order on Hazan.  On November 18, 2024, plaintiff filed a Certificate of Service of the Court's November 14, 2024 Order.  *See* Certificate of Service (Dkt. #43).

11.     Hazan failed to comply with the Court's order to respond to the information subpoena.

12.     On February 21, 2025, plaintiff renewed its motion for contempt.  *See* Mot. for Sanctions (Dkt. #45).

13.     By Order dated February 24, 2025, this Court denied without prejudice plaintiff's motion to hold Hazan in contempt.  To initiate contempt proceedings against a person who has not appeared in the action, Local Civil Rule 83.6 provides that "service must be made personally,

4

together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons. E.D.N.Y. Local Rule 83.6(a)." Order dated 2/24/25. Further, Local Civil Rule 83.6 requires that a proceeding to hold a person in contempt must "be commenced by the service of a notice of motion or order to show cause," which must be accompanied by an affidavit. *Id.* The Court found that plaintiff's motion was procedurally defective because it failed to comply with the requirements of Local Civil Rule 83.6. *Id.* However, the Court again warned Hazan that his continued failure to respond may result in a finding of contempt and the imposition of a monetary fine.

14. On February 25, 2025, plaintiff re-filed its motion for contempt. *See* Mot. for Sanctions (Dkt. #47).

15. On March 7, 2025, plaintiff served Hazan with the motion papers, a copy of this Court's February 24th order, and a copy of Local Civil Rule 83.6, by leaving the papers with a person of suitable age and discretion at Hazan's residence, and mailing the papers to that address.[1] *See* Aff. of Service (Dkt. #49).

16. By Order dated August 19, 2025, this Court directed Hazan to respond to the motion for contempt by September 2, 2025, and to show cause in Court on September 5, 2025, why Hazan should not be certified to be in contempt of court. *See* Order (Dkt. #51). The Court

---

[1] The Court notes that in serving the motion for contempt in accordance with Local Civil Rule 83.6, plaintiff has now complied with the rules governing service of process under Rule 4 of the Federal Rules of Civil Procedure, which in turn permits service on an individual to be made in accordance with the state law where the district court sits or where service is made. *See* Fed. R. Civ. P. 4(e)(1). New York law provides that service on an individual at the person's residence is effective if left with someone of "suitable age and discretion," and sent by mail within twenty days of delivery. *See* N.Y. C.P.L.R. § 308(2). Plaintiff's service of the motion for contempt at Hazan's residence, followed by mailing, as authorized by New York procedural law, is sufficient to ensure actual receipt by Hazan. *See, e.g., Absolute Nevada, LLC v. Grand Majestic Riverboat Co. LLC*, No. 19-CV-11479, 2020 WL 5209730, at *4 n.1 (S.D.N.Y. Sept. 1, 2020) ("Courts operating under the aegis of Local [Civil] Rule 83.6(a) have interpreted the personal service requirement to encompass methods of substitute service permitted by Rule 4, Fed. R. Civ. P., and N.Y. C.P.L.R § 308[.]"), *reconsideration denied*, 2020 WL 7480621 (S.D.N.Y. Dec. 18, 2020). Accordingly, the Court finds that service of the motion on Hazan was sufficient under the circumstances.

warned Hazan that his "failure to appear at the hearing will result in a certification to the District Judge that Hazan be held in contempt of court, punishable by escalating fines and/or imprisonment." *Id.*  Plaintiff notified Hazan of the show cause hearing by sending a copy of this Court's order by overnight express mail and regular mail to his residence.  *See* Certificate of Service (Dkt. #52).

17.    Hazan neither responded to the motion in writing, nor appeared at the September 5, 2025 hearing.  *See* Min. Entry dated Sept. 5, 2025.

**III.    Legal Standard for Civil Contempt**

It is well established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt."  *Spallone v. United States*, 493 U.S. 265, 276 (1990) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)); *see S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).  An order of civil contempt "may serve dual purposes [of] securing future compliance with court orders and compensating the party that has been wronged."  *Id.* at 146 (internal quotations omitted).

To obtain a contempt order for failure to comply with a court order, the moving party must establish that "(1) the order is clear and unambiguous, (2) proof of noncompliance is also clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  *SEC v. Durante*, 641 F. App'x 73, 76 (2d Cir. 2016); *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016).  The Court need not "establish[] that the violation was willful."  *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (citation omitted).  The burden is on the alleged contemnor to "establish his inability [to comply with a court order] clearly, plainly, and unmistakenly."  *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995).  "If he 'offers no

6

evidence as to his inability to comply . . . or stands mute,' he has not met his burden." *Id.* (quoting *Maggio v. Zeitz*, 333 U.S. 56, 75 (1948)).

IV. **Application of the Law to the Facts**

Having reviewed the facts of this case in light of the legal standards described above, this Court determines that Hazan violated the Court's orders and certifies that plaintiff has established a *prima facie* case for contempt.

Turning to the first element, the Court's orders are clear and unambiguous. "A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the four corners of the order precisely what acts are forbidden." *S. New England Tel. Co.*, 624 F.3d at 145 (quoting *King v. Allied Vision*, 65 F.3d 1051, 1058 (2d Cir. 1995)). Here, the Court's orders were clear and specific, and have left "no uncertainty in the mind[]" of Hazan as to the requirements imposed by the Court. *Id.*; *Kate Spade*, 2025 WL 2211679, at *1 (finding subpoena clear and unambiguous where it "clearly identified that it sought certain licensing agreements and documents related to the licensing relationship"); *Valencia*, 2024 WL 412993, at *2 (certifying contempt where "the subpoenas identified the date, time, and location at which [the contemnors] were required to appear and produce the requested documents and information").

The information subpoena plaintiff served on Hazan clearly and unambiguously identified the date, time, and location at which Hazan was required to appear and produce the requested information. The Court's November 14, 2024 Order explained that plaintiff, as a judgment creditor, is entitled to seek information relevant to collecting on its Judgment against defendant.[2] *See* Mem. and Order (Dkt. #42). The Court further found that the information

---

[2] Under Rule 69 of the Federal Rules of Civil Procedure, a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located. Fed. R.

7

subpoena served on Hazan sought relevant information regarding, among other things, defendant's income, bank accounts, real estate and other assets. And, the Court found that the information subpoena was properly served. Accordingly, the November 14, 2024 Order directed Hazan to respond to the information subpoena by December 16, 2024. The Court's subsequent Order of August 19, 2025, was likewise clear and unambiguous. *See* 8/19/2025 Order (Dkt. #51). That Order clearly stated that Hazan was required to explain in writing why an order of contempt should not issue, and to appear before this Court.

Regarding the second and third elements, the Court finds that plaintiff has provided clear and convincing evidence of Hazan's noncompliance, and that Hazan has not diligently attempted to comply with the Court's orders. As of the date of plaintiff's most recent submission, plaintiff's counsel avers that Hazan had not produced documents or information to plaintiff or otherwise complied with the information subpoena. Samuel Aff. ¶ 7 (Dkt. #47-1). To date, Hazan has not appeared in this action, despite being served with the Amended Complaint, as well as with subsequent Court orders and plaintiff's motions. Hazan also failed to appear in court to explain his noncompliance, nor has he otherwise identified any ambiguities in the orders or information subpoena. Indeed, in simply ignoring plaintiff's motions at every turn, Hazan has failed to exercise reasonable diligence. *See Valencia*, 2024 WL 412993, at *2 (certifying contempt where contemnors "have not attempted to comply with the Court's orders, such as by contacting Plaintiff, requesting an adjournment of the Show-Cause Hearing, or making a written submission to the Court"); *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 120 (E.D.N.Y.

---

Civ. P. 69(a)(1); *see EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014); *Alkali Sci. LLC v. Ax Cap., Inc.*, No. 22-CV-6469, 2025 WL 1865448, at *2 (E.D.N.Y. May 30, 2025). New York state law permits a judgment creditor to "compel disclosure of all matter relevant to the satisfaction of the judgment[ ] by serving upon any person a subpoena." N.Y. C.P.L.R. § 5223; *see Alkali*, 2025 WL 1865448, at *2. Here, plaintiff has relied on state procedures, styling its information subpoena as issued pursuant to New York law. *See* Pl. Mem. in Support of Mot. to Compel at 3 (Dkt. #38-2).

8

2008) (finding element satisfied where alleged contemnor "failed to appear at any of the recent proceedings in [the] case and [had] not made any effort to contact the Court or plaintiff's counsel.").

## V. Proposed Remedy

Plaintiff requests that the Court punish Hazan for such contempt, including but not limited to "an award of monetary sanctions, an award of attorneys' fees, to be paid by the contemnor to the moving party, continuing financial sanctions until the contempt is purged, and/or arrest." *See* Samuel Aff. at page 3.

"Importantly, in selecting contempt sanctions, a court is obliged to use the 'least possible power adequate to the end proposed.'" *Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362, 2011 WL 1004708, at *11 (E.D.N.Y. Mar. 18, 2011) (quoting *Shillitani*, 384 U.S. at 371). The Court respectfully recommends that the District Court issue an order to show cause why Hazan should not be held in contempt of court. In the event the District Court finds Hazan to be in contempt, this Court recommends the issuance of an order that, unless Hazan responds in full to the subpoenas within fourteen days of the District Court ordering his compliance, he be required to pay plaintiff a monetary amount that the District Court determines, in its discretion, to be reasonable, for each week thereafter in which he remains noncompliant. *See Trs. of Pavers Dist. Council Apprenticeship, Skill Improvement & Training Fund v. Lavin Inc.,* No. 22-CV-1023, 2025 WL 1640496, at *4 (E.D.N.Y. Mar. 24, 2025); *Valencia*, 2024 WL 412993, at *2; *Plaza Motors of Brooklyn, Inc. v. Rivera*, No. 19-CV-6336, 2022 WL 17820083, at *6 (E.D.N.Y. Jan. 10, 2022). Moreover, this Court further recommends that, within thirty days of the District Court's order, if Hazan fails to certify to the Court in writing his full compliance with the information subpoena, then plaintiff should be permitted to move for his arrest to bring Hazan

9

before the District Court to explain his continued noncompliance. *See Lavin*, 2025 WL 1640496, at *4; *Valencia*, 2024 WL 412993, at *2; *Plaza Motors*, 2022 WL 17820083, at *6.

## Conclusion

Having certified the foregoing facts and concluding that plaintiff has established a *prima facie* case of contempt, this Court respectfully recommends that the District Court schedule a contempt proceeding pursuant 28 U.S.C. § 636(e)(6). Should the Court enter a finding of contempt against Hazan, it is recommended that the Court impose sanctions in an amount determined to be reasonable under the "informed discretion of the district court." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989).

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to defendant at his last known address, and to file proof of service on ECF by **September 10, 2025**. Any objections to the recommendations made in this Report must be filed with the Honorable Rachel P. Kovner within 14 days after the filing of this Report and Recommendation and, in any event, on or before **September 19, 2025**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

Dated: Brooklyn, New York
September 5, 2025

s/ James R. Cho
James R. Cho
United States Magistrate Judge